**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

GREGORY GENE AIKENS                                             PLAINTIFF

v.                                      3:16CV00267-JTK

DAVID CARTER, et al.                                           DEFENDANTS

<u>**MEMORANDUM AND ORDER**</u>

On September 13, 2017, after mail sent to Plaintiff was returned to the Court as undeliverable, this Court directed Plaintiff to notify it of his current address and his intent to continue prosecution with this action within thirty days. (Doc. No. 42)  Defendant then filed a Motion to Compel or in the alternative, to Dismiss, based on Plaintiff's failure to respond to his discovery requests, and subsequent letters requesting his response (Doc. No. 43).   The September 13, 2017 Order mailed to Plaintiff at his last-known address was returned to the Court as undeliverable on October 6, 2017 (Doc. No. 47).   As of this date, Plaintiff has not notified the Court of a new address or responded to the Court's Order or the Defendant's Motion.

Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

In addition, FED.R.CIV.P. 37(b)(2)(A)(v) and 37(d)(3) provide that if a party fails to obey an order to provide or permit discovery, or fails to serve answers to interrogatories, the Court may

sanction the party by dismissing the action.   In this case, in light of Plaintiff's failure to respond or object to Defendant's discovery requests, or to comply with this Court's September 13, 2017 Order, the Court finds that Plaintiff's Complaint should be dismissed without prejudice.[1] Accordingly,

IT IS, THEREFORE, ORDERED that Defendant's Motion to Compel or in the alternative, to Dismiss (Doc. No. 43) is GRANTED, and Plaintiff's Complaint is DISMISSED without prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 19th day of October, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] This is the second time Plaintiff's Complaint has been dismissed on this basis.   On May 16, 2017, the Court dismissed Plaintiff's Complaint based on his failure to respond to Defendant's discovery requests and Motion to Compel (Doc. No. 29).   The Court later granted Plaintiff's Motion for Reconsideration and to Re-Open (Doc. No. 35).   According to Defendant's Motion, however, Plaintiff did not respond to his subsequent attempts to obtain discovery.